(626 P.2d 1243)

No. 52,124

In the Matter of the Hearing Concerning MARVIN M. POTTRATZ, A LICENSED REAL ESTATE BROKER,

THE KANSAS REAL ESTATE COMMISSION, *Appellee,* v. MARVIN M. POTTRATZ, *Appellant.*

Opinion filed April 24, 1981.

*F. Lawrence McAulay, Jr.,* of McAulay & Owens, of Lenexa, for appellant.

*Mark A. Buck* and *Thomas E. Wright,* of Goodell, Stratton, Edmonds, Palmer & Wright, of Topeka, for appellee.

Before JUSTICE FROMME, presiding, PARKS, J., and TYLER C. LOCKETT, District Judge, assigned.

FROMME, J.: This is a review of an administrative order suspending the broker's license of Marvin M. Pottratz for a period of six months. The Kansas Real Estate Commission originally revoked the license permanently. Review by the district court was under K.S.A. 58-3017. The court held that some of the charges were not supported by substantial evidence. The case was remanded to the Commission for reconsideration of the penalty to be imposed. The penalty was reduced to a six month suspension. This change was approved by the district court. Appeal to this court followed.

## SCOPE OF REVIEW

We find no Kansas cases in which the scope of review in the district court of an order of the Kansas Real Estate Commission has been determined. What is the scope of review authorized by K.S.A. 58-3017 of an order revoking or suspending a real estate broker's license? This statute reads:

"Such ruling or order of the Kansas real estate commission shall be final when in favor of the respondent. If against the respondent, or in any way to the respondent's injury or prejudice, he or she may, at any time prior to the date fixed by the commission in its notice as the date the ruling or order shall become effective, appeal from such ruling or order. Any such appeal shall be made to the district court of the county in which the respondent resides, or to the district court of Shawnee county, by serving upon the director of the Kansas real estate commission written notice of such appeal, together with reasons for such appeal, and by filing a good and sufficient bond in the office of the commission to secure the costs of the appeal, unless by reason of poverty the respondent is unable to give security for costs, which facts shall be shown by affidavit filed in the office of the commission. Thereupon the appeal shall be deemed perfected.

"Within thirty days after service of said notice of appeal, *the commission shall file with the clerk of the designated court a copy of the complaint, if any, and a copy of the findings of fact and rulings or order of the commission appealed from,* duly certified under the seal of the commission. Notice of the filing of the said documents shall be forthwith given by the director of the commission to the respondent and to the party, or parties, if any, upon whose complaint the proceedings before the commission were instituted. *The issues shall be tried in the district court de novo.* In all proceedings upon such appeal the attorney general, or his or her deputy, or other attorney chosen by the commission shall appear for and represent the commission." Emphasis supplied.

It is noted that under this statute the Commission is directed to file with the clerk of the court (1) a copy of the complaint, and (2) a copy of the findings of fact and rulings or order of the commission. No provision in this law, as it appeared when these proceedings took place, required a transcript of evidence to be filed in the district court. K.S.A. 58-3016(*b*) relating to procedure states:

"The case against the applicant or licensee shall be presented by the attorney for the commission. The applicant or licensee shall be entitled to examine either in person or by counsel any and all persons complaining against the applicant, and all other witnesses whose testimony is relied upon to substantiate the charge made. The applicant shall also be entitled to present such evidence, oral and written, as he or she may see fit and as may be pertinent to the inquiry. At such hearing all witnesses shall be duly sworn by the director of the Kansas real estate commission, or by any member of the commission."

Appellant Pottratz contends that on appeal the district court is

directed by 58-3017 to try the issues in the district court de novo, the issues being the proof of charges filed against the appellant. The commission on the other hand argues the scope of review is that of any administrative agency, which is traditionally limited to whether (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its legal authority.

In *Kansas State Board of Healing Arts v. Foote,* 200 Kan. 447, 450, 436 P.2d 828, 28 A.L.R.3d 472 (1968), the appeal was from revocation of a medical license. The governing statute on scope of review was K.S.A. 65-2848 (Corrick) which provided that a transcript of pleadings before the board should be filed with the district court. The statute further provided that trial upon appeal "shall be had upon the issues joined as presented upon the evidence and exhibits introduced before the board." The Supreme Court held the review was limited nevertheless to the traditional scope of review for administrative orders. In *Foote,* the court states the business of licensing is regarded as an administrative function. 200 Kan. at 449.

In *Kansas State Board of Healing Arts v. Acker,* 228 Kan. 145, 612 P.2d 610 (1980), the appeal to the district court was also under K.S.A. 65-2848 and the scope of review limited the hearing to the traditional scope of review for administrative orders. See also *Copeland v. Kansas State Board of Examiners of Optometry,* 213 Kan. 741, 518 P.2d 377 (1974), where it was held that Copeland was not entitled to a trial de novo. In *Kansas State Board of Nursing v. Burkman,* 216 Kan. 187, Syl. ¶ 1, 531 P.2d 122 (1975), this same scope of review was applied by the district court, and the district court's order was upheld in a finding that the order of the board of nursing was arbitrary and unreasonable. In the latter case review of the administrative order was authorized by K.S.A. 65-1121(*b*).

In *Foote, Acker, Copeland* and *Burkman,* suspension and revocation of licenses by regulating agencies were considered and held to be administrative functions, and judicial review of such cases is generally limited to determining whether the administrative order was unlawful, arbitrary or unreasonable. We are of the opinion that a limited scope of review applies in the present case. Therefore, under the provisions of K.S.A. 58-3017, relating to appeals to the district court from orders of the Kansas Real

Estate Commission suspending or revoking a license, the district court is restricted to considering whether (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority. For the purpose of determining these three considerations the district court may hear additional witnesses and consider the evidence before the Commission.

## PROCEDURAL DEFECTS

Appellant complains that the Board's notice of hearing of October 11, 1977, was legally insufficient because of what is referred to as (1) general lack of factual statement to identify the specific charges, (2) failure to sufficiently advise appellant of the serious nature of the proceeding and the need for counsel, and (3) total lack of findings to support charges.

As to the first two alleged procedural shortcomings we see no lack of compliance with the requirements of procedural due process. The notice of hearing specifically referred to the transaction between Pottratz as seller and the Domes as buyers. It detailed the violations charged and cited the sections of the statute covering the type of misconduct charged. K.S.A. 58-3015(a)(1), (a)(2), (a)(16), (a)(17). K.S.A. 58-3022(a), referring to trust accounts, was identified in support of the charges. The notice of hearing also set forth the transaction between the Wells, as sellers, and the Coopers, as buyers. Here a shortage of $1,300.00 in the broker's trust account was alleged. The notice also alleged a violation of K.A.R. 86-3-18(e) which requires brokers to maintain a ledger on receipts and disbursements for each transaction.

The notice was sufficient to advise Pottratz of the charges. However, the failure of the Commission to set forth findings of fact is another matter. Findings of fact and rulings are required to be made in writing by both K.S.A. 58-3016(d) and K.S.A. 58-3017. The order of the Commission, omitting the heading and the recitation of the formal appearances of the parties, reads:

"THEREUPON, the matters set forth in the Notice of Hearing were duly inquired into by the Commission and the Commission heard the evidence of the witness.

"THEREUPON, the Commission, being duly and fully advised in the premises and having heard and considered the evidence adduced, and having examined the papers and exhibits filed herein finds the respondent licensee, Marvin M. Pottratz,

in violation of the Kansas Real Estate Brokers' License Law, Kansas Statutes Annotated, Section 58-3015(*a*), (1), (2), (16), (17) and Section 58-3022(*a*) and 86-3-18 of the Rules & Regulations of the Commission.

"IT IS THEREFORE ORDERED by the Commission that the Real Estate Broker's License of the respondent licensee, Marvin M. Pottratz, be revoked; that upon the signing of this Order by the members of the Commission concurring in the foregoing findings, rulings, and Order, this Order shall be filed in the Office of the Commission; that the date of filing shall be noted hereon by the Director of the Kansas Real Estate Commission; that the effective date of this Order shall be thirty one days after such date of filing, which effective date shall likewise be noted hereon by the Kansas Real Estate Commission.

"IT IS FURTHER ORDERED that immediately upon such filing the respondent licensee shall be notified in writing of this Order by mailing of the same to the respondent licensee by certified mail."

The foregoing is devoid of meaningful findings of fact. Specific findings of fact by an administrative agency are required and may be indispensable to a valid decision when a statute or rule requires them. *Kansas State Board of Healing Arts v. Acker,* 228 Kan. 145, Syl. ¶ 7.

In *Cities Service Gas Co. v. State Corporation Commission,* 201 Kan. 223, 230-31, 440 P.2d 660 (1968), the order was reversed and the case was remanded to the State Corporation Commission because of failure to make basic findings of fact:

"No method of insuring against arbitrary action has yet been found, but the nearest approach to it is to require that findings of fact be made." 201 Kan. at 231-32.

The Commission failed in the present case to make the findings of fact required by the statutes.

### SUPPORTING EVIDENCE

The district court determined that Pottratz was guilty of two infractions of K.S.A. 58-3015. The first was an alleged infraction of K.S.A. 58-3015(*a*)(1):

"Making any material misrepresentations;  . . ."

The second was an alleged infraction of K.S.A. 58-3015(*a*)(17):

"[P]erforming any act or conduct whether of the same or a different character hereinabove specified, which constitutes or demonstrates bad faith, incompetence or untrustworthiness, or dishonest, fraudulent or improper dealings;  . . ."

The first alleged infraction concerned a real estate contract between Marvin M. Pottratz as seller, and Fred F. Dome and Dorothy M. Dome as buyers. The property was located at 2029 South 14th Street, Kansas City, Kansas. The contract recited a

$3,000.00 down payment on a total purchase price of $15,000.00. The down payment was explained in a separate sheet or addendum to the contract bearing the same date as that of the contract, June 8, 1977. In the addendum signed by Pottratz and the Domes it was agreed:

"Marvin M. Pottratz is to pay the Buyers, Mr. and Mrs. Dome, $2,000.00 for making the necessary improvements and repairs. This $2,000.00 is to be applied to the Domes' down payment."

The sale was subject to the buyers securing and qualifying for a FHA loan in the amount of $12,000.00 for a term of 30 years. The buyers were not able to obtain the FHA loan so they requested and were granted permission by Pottratz to seek a loan elsewhere. The Domes went to the Rosedale State Bank and Trust Company for a loan. They gave their copy of the contract to the bank. The addendum was not attached. Sometime before the loan was approved Sherman Rush, the inspector for the Commission, checked the Pottratz trust account. The $2,000.00 for work equity was not in the account and the account was short by that amount. Since Pottratz was selling the property he felt entitled to the down payment. Mr. Rush called the Rosedale bank and advised it of the apparent shortage in the down payment. The vice-president of the bank called Pottratz who advised him of the work equity which the Domes had earned. The bank further assured itself by personal inspection that the work had been done and they completed the loan to the Domes.

The second alleged infraction concerned a real estate contract between Mr. and Mrs. Wells as sellers, and Mr. and Mrs. Cooper as buyers. The property was located at 2308 Merriam Lane, Kansas City, Kansas. The contract recited a $3,000.00 down payment on a total purchase price of $29,250.00. The down payment was explained in a separate sheet or addendum to the contract bearing the same date as that of the contract, June 2, 1977. In the addendum signed by the Coopers and Pottratz it was acknowledged that Pottratz had purchased a $1,300.00 equity of the Coopers in another house at 4736 Ottawa, Kansas City, Kansas, and the $1,300.00 to be paid by Pottratz was to be part of the $3,000.00 down payment on the contract to purchase the property at 2308 Merriam Lane. The Coopers wanted to retain their former home at 4736 Ottawa until the purchase of the house at 2308 Merriam Lane did go through. The addendum provided

that it was to take effect upon approval of the loan on the new house.

When Sherman Rush, the inspector for the Commission, checked the Pottratz trust account, the account was short $1,300.00 because Pottratz had held up the $1,300.00 payment pending the approval of the loan to the Coopers. In both of these transactions it is interesting to note that all parties to the real estate contracts were fully advised of the arrangements made for down payments and no complaints originated with any of those who were dealing with the property. The complaints against Pottratz were made solely by the Commission.

The evidence at the hearing was uncontradicted that Mr. and Mrs. Wells, the sellers, and Mr. and Mrs. Cooper, the buyers, were completely advised of the true facts as set forth in the addendum concerning the origin and nature of the $3,000.00 down payment. The parties understood that the purchase of property was subject to loan approval by Missouri Valley Mortgage Company. The loan was not approved and the purchase was not completed. The only mortgage company to whom Pottratz submitted copies of either of these sales agreements was Missouri Valley Mortgage Company. The written addendum covering the down payment was introduced in evidence and it is uncontradicted the addendum was attached to the sale agreement when it was delivered to Missouri Valley. Under these uncontroverted facts no material misrepresentations were established by the Commission in the Wells-Cooper sale. All parties were fully advised of the source and nature of the down payment. No one is complaining, no one was misled, and the sale agreement by prearrangement was rescinded by the parties when loan approval was not obtained. K.S.A. 58-3015(a)(1) was not violated by Pottratz in the Wells-Cooper sale.

The evidence surrounding the Domes sale was uncontradicted at the hearing. The secretary and office manager of Pottratz testified as to the addendum covering the work equity. The addendum was admitted in evidence. Pottratz took no part in obtaining the loan for the Domes from the Rosedale bank. Under these uncontroverted facts no material misrepresentations were established by the Commission in the Pottratz-Domes sale. All parties were fully advised of the source and nature of the down payment. No one is complaining, no one was misled as to any

material fact, and the Rosedale bank completed the loan knowing full well the down payment included a $2,000.00 work equity. K.S.A. 58-3015(*a*)(1) was not violated by Pottratz in the sale to the Domes.

We turn next to the alleged violation of K.S.A. 58-3015(*a*)(17). The specific acts constituting the violation were not set forth in the findings. The statute authorizes suspension or revocation of a real estate broker's license for performing any act which constitutes or demonstrates bad faith, incompetence, untrustworthiness, dishonesty or fraudulent or improper dealings. Under the uncontroverted evidence there is nothing which demonstrates any of such actions by Pottratz with regard to these two sales. No one was misled or injured in any way. There was no evidence introduced which in any way would indicate that Mr. Pottratz was guilty of bad faith, incompetence, untrustworthiness, dishonesty or fraudulent or improper dealings in this matter.

The use of an addendum to explain the source and nature of a down payment may not be the best practice in the eyes of the Kansas Real Estate Commission but it is not a practice prohibited by either the statutes or the regulations of the Commission.

## CONCLUSION

The district court found:

"(10) The Commission's order of revocation was based upon a finding by the Commission that Mr. Pottratz had violated the Kansas Real Estate Brokers' License Law, Kansas Statutes Annotated, Sec. 58-3015(*a*), (1), (2), (16), (17) and Section 58-3022(*a*) and 86-3-18 of the Rules and Regulations of the Commission. *In fact, the Commission now concedes there was no evidence to support the violation of K.S.A.* [58-] *3015(a)(2), (16), and Section 58-3022(a) and Rule 86-3-18.*" Emphasis supplied.

After examining the record we agree with the district court that there was no substantial evidence to support violations of K.S.A. 58-3015(*a*)(2), (16), and Section 58-3022(*a*) and Rule 86-3-18 of the Kansas Real Estate Commission relating to trust account records.

We further find there was no substantial evidence to support violations of K.S.A. 58-3015(*a*)(1) and (17) relating to material misrepresentations, bad faith, incompetence, untrustworthiness, dishonesty or fraudulent or improper dealings in either of the transactions.

Therefore, under the scope of review authorized we reverse the orders of both the district court and the real estate commission,

which orders suspended the real estate broker's license of Marvin M. Pottratz for a period of six months. The case is remanded to the district court with directions to order the Commission to reinstate the appellant's real estate broker's license.